IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **J&A FREIGHT SYSTEMS, INC.**, an Illinois Corporation,<br><br>    **Plaintiff,**<br><br>v.<br><br>**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**, a Foreign Corporation,<br><br>    **Defendant.** | Case No. 14 C 1581<br><br>Jeffrey T. Gilbert<br>Magistrate Judge |

## ORDER

Plaintiff's Motion to Compel [ECF 32] is granted in part and denied in part. This matter is set for further hearing with respect to Plaintiff's Request to Produce No. 5 and Interrogatory No. 4 on March 3, 2015, at 11:45 a.m., for the reasons discussed in the Statement below. Defendant shall produce the documents responsive to Plaintiff's Request to Produce No. 9 within 14 days of the date of this Order also for the reasons discussed in the Statement below. See Statement below for further details concerning the Court's ruling on Plaintiff's Motion to Compel [ECF 32].

## STATEMENT

This case is presently before the Court on a Motion to Compel Discovery filed by Plaintiff J&A Freight Systems, Inc. ("Plaintiff") against Defendant Travelers Property Casualty Insurance Company of America ("Defendant"). [ECF 32]. Plaintiff asks the Court to order Defendant to produce certain documents and answer certain interrogatories. Defendant contends Plaintiff's written discovery requests are overbroad, unduly burdensome, and seek information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. In regard to Plaintiff's Request to Produce No. 5 and Interrogatory No. 4, Defendant also maintains that the cost of responding to Plaintiff's discovery requests exceeds the benefit to Plaintiff of the information to be obtained. For the reasons discussed below, Plaintiff's Motion is granted in part and denied in part.

Defendant's position on the merits, outlined as part of its response to Plaintiff's Motion to Compel, seems to be that even if Plaintiff is right that the definition of "carrier" in Defendant's

policy is ambiguous, that term should be construed the same throughout the policy so that Plaintiff still is entitled only to $50,000 for a loss due to dishonest conduct by an "imposter carrier," consistent with the wording of a limitation in Defendant's policy, and not to the full $116,000 loss as Plaintiff contends. Defendant's position appears to have been adopted in a non-precedential memorandum opinion issued by the Ninth Circuit in July 2014 in a case similar to this case. *Intransit, Inc. v. Travelers Property and Casualty Company of America*, No. 13-35002, Memorandum Opinion, (9th Cir. July 25, 2014). Plaintiff seems to contend, like the insured in that case, that if the term "carrier" in Defendant's policy is ambiguous, then it should be construed in favor of the insured throughout the policy so that Plaintiff is entitled to recover the full amount of its loss. That was the result reached by the District Court in Oregon with which the Ninth Circuit agreed in part with respect to ambiguity, but not as to the final result. *Intransit, Inc. v. Travelers Property and Casualty Company of America*, 2012 WL 5208170 (D. Ore. Oct. 22, 2012). Plaintiff also says that facts germane to this case and not raised in the Oregon case further compel a decision in its favor.

The Court, of course, is not prepared to decide the merits of the ultimate dispute in this case, which is controlled by Illinois law, in the context of this discovery dispute. The Court has, however, reviewed the discovery requests at issue in Plaintiff's Motion to Compel. Its rulings on those disputes are as follows:

Plaintiff's Requests to Produce Nos. 3, 4, and 6. The Court agrees with Defendant that these requests for "any and all documents" relating to "the drafting of insurance policies," the Oregon litigation, and "policies for deciding whether or not to grant claims under insurance policies" as drafted are over broad, request information that is not relevant nor reasonably calculated to lead to discovery of admissible evidence, and impose an undue burden on Defendant. Accordingly, Defendant need not respond to those requests as drafted.

Plaintiff's Request to Produce No. 7. Defendant says it did not change its insurance policy after the Oregon decision so there are no documents responsive to this request. Plaintiff does not say otherwise in its Reply. Accordingly, this dispute appears to be moot. Defendant also has amended its response.

Request to Produce No. 9. This is a more narrowly drawn request seeking copies of deposition or trial testimony given in the Oregon case by Defendant's officers, employees or agents. Defendant's objections based upon relevance, over breadth and undue burden are overruled. Testimony given by Defendant's officers, employees or agents in a case that is factually and legally similar to this case would appear to be relevant at the discovery stage of this case within the meaning of Rule 26 of the Federal Rules of Civil Procedure. Accordingly, Defendant shall produce these documents within 14 days of the date of this Order.

Request to Produce No. 5 and Interrogatory No. 4. In these discovery requests, Plaintiff focuses on claims made by Defendant's other insureds for losses due to an "imposter carrier," the very same loss at issue in this case. Defendant concedes that "how Travelers handled similar imposter theft claims might shed light on the meaning that Travelers attaches to the word 'carrier' in the subject form." [ECF 33 at 6]. Defendant's objection to these requests focuses on the burden on Defendant of searching its data base of claims and determining how many of the 581

2

claims for "cargo theft" it has identified for the period October 24, 2012 and July 24, 2012 (assuming without deciding that is the relevant time period) involve claims for theft by deception by an "imposter carrier" under a contingent cargo form such as was issued to Plaintiff in this case. Defendant has submitted an affidavit in which the affiant estimates it would cost Defendant $21,303.12 to identify responsive documents. That is about 18% of the face amount of Plaintiff's claim exclusive of interest and any attorneys' fees Plaintiff is seeking on its Section 155 claim.

As a threshold matter, the Court disagrees with Defendant that the estimated cost of querying its data base and reviewing potentially responsive documents is excessive in this case under the balance set forth in Rule 26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure. The documents requested, denuded of attorney client privileged or work product documents, appear to be relevant to Plaintiff's claims that Defendant intentionally issued an ambiguous insurance policy and is dodging payment of claims presented under that policy. How Defendant handled other similar claims, as Defendant concedes, could shed light on issues relevant to this case. Although Defendant has submitted another affidavit in which the affiant avers "based upon my knowledge, and experience, and to the best of my recollection" that Defendant has consistently interpreted its policy the same way as it did in this case since June 2011, Plaintiff is entitled to test that somewhat equivocal assertion after reviewing the underlying documents. In addition, there may be information in Defendant's claim files for other claims similar to Plaintiff's claim that are relevant for other reasons, that could lead to the discovery of admissible evidence, or that could be relevant under Federal Rule of Evidence 404(b).

That Defendant seems to be prepared to concede that the policy language at issue in this case is ambiguous also does not make completely irrelevant how Defendant analyzed or responded to similar claims, at least at the discovery stage of this litigation. Accordingly, the Court cannot say now that information in those files is completely irrelevant or unlikely to lead to the discovery of admissible evidence, and Defendant's objection to searching for and producing potentially relevant information based upon the cost of its doing so does not suffice to block Plaintiff's discovery requests in this regard.

In addition, Defendant's objection based upon the private or proprietary nature of the information contained in the requested files also is not a complete bar to this discovery. That issue might be adequately addressed with an appropriately drafted protective order and, as Defendant anticipated in the affidavit it submitted in opposition to Plaintiff's Motion to Compel, by redaction of non-responsive information or removal of non-responsive documents in other insureds' files.

Although the Court is prepared to overrule Defendant's objections based upon relevance and undue burden, it is not convinced that Plaintiff needs "any and all documents" relating to these other claims. It is possible, now that the Court has cleared away Defendant's blocking objections, the parties may be able to work out a protocol that would get Plaintiff the information it needs with somewhat less burden on Defendant. Accordingly, the parties are directed to meet and confer about possible ways to limit Plaintiff's requests to information that Plaintiff actually needs to prosecute this case or to shift to Plaintiff some of the cost of identifying responsive information from the universe of claims involving theft by deception.

3

For example, Plaintiff's counsel might be permitted to examine some documents in or information about the 581 claim files that Defendant says it has identified as potentially responsive to Plaintiff's requests so that he can identify the particular claims he is interested in reviewing in more detail. Or, perhaps there are particular documents in these claim files that Defendant can produce to Plaintiff that would satisfy Plaintiff's need for information about Defendant's handling of similar claims without production of the entire claim file. If the parties cannot agree to any way to reduce the burden on Defendant in locating and producing responsive documents, however, the Court is inclined to order Defendant to respond to Plaintiff's requests as is. But it will listen to any reasonable proposal Defendant may make that will get Plaintiff what it needs without unnecessary burden on Defendant.

Plaintiff's Interrogatories Nos. 6 and 7. Defendant says it has answered Interrogatory No. 6 and Plaintiff does not say otherwise in its Reply. Defendant also says it did not change the language in its policy after the Oregon District Court decision, so there is no information responsive to this portion of Interrogatory No. 6. To the extent that interrogatory also asks for information about changes Defendant "consider[ed] making," any such information that exists is likely to be covered by the attorney work product doctrine or attorney client privilege. In any event, to the extent Plaintiff wishes to explore that subject at deposition, with appropriate protection of Defendant's witnesses by counsel, it may do so. Interrogatory No. 7 is over broad and vague with respect to "any policy, practice, or procedure . . . for changing the language used in your insurance contracts" and Defendant need not respond to it for that reason.

This matter is set for further hearing with respect to the Court's comments concerning Plaintiff's Request to Produce No. 5 and Interrogatory No. 4 on March 3, 2015, at 11:45 a.m.

Finally, prior to the next court hearing, the parties also are encouraged to discuss seriously the possibility of settling this case given the amount of money at issue and the likely cost of litigating the case to a conclusion in the trial court and then possibly on appeal. The Court understands it is Plaintiff's position that its fees and expenses ultimately will be paid by Defendant if it is successful on its Section 155 claim. The Court also understands Defendant's position that whatever else may be said about its handling of Plaintiff's insurance claim in this case, its position will not be determined to be vexatious and unreasonable under the totality of the circumstances. The Court does not know which party's argument will prevail at the end of the day. But the risk that each party will have to bear its own litigation expenses at the end of the day should at least inform the parties' settlement positions.

It is so ordered.

Dated: January 27, 2015

_____
Jeffrey T. Gilbert
United States Magistrate Judge